JOHN WATERMAN *v.* VERMONT CENTRAL RAILROAD CO.

*Assumpsit. Common Carriers. Declaration. Motion in arrest.*

Where the plaintiff declared on a special contract with defendant, to furnish a car and carry certain sheep of the plaintiffs, and the contract was fairly susceptible of the interpretation, that defendant's contract was upon consideration of plaintiff's promise, to pay a reasonable freight at the end of the carriage, and the plaintiff in his declaration alledged, that, "for a certain reasonable hire or reward to be thereupon paid by the plaintiff to the defendant in that behalf," &c; *it was held,* on a motion in arrest, after verdict, for the want of an allegation of readiness to pay the freight, to the defendants at the time of demanding the car, that the declaration was sufficient.

ASSUMPSIT in two counts, the first count was as follows:

" For that whereas the defendants, to wit, on the first day of " November, 1851, and for a long time before and ever since, had " been common carriers of goods, wares and merchandise and cat- " tle and sheep for hire from Roxbury in the county of Washing- " ton, to Porters in Cambridge in the Commonwealth of Massa- " chusetts ; and being such carriers at said Roxbury, to wit, on the " tenth day of November, 1851, did then and there in considera- " tion that the plaintiff would take and engage a cattle or sheep " car of the said defendants, for the carriage of sheep from said " Roxbury to said Porters, at and for a certain reasonable hire or " reward to be thereupon paid by the plaintiff to the defendants in " that behalf, the said defendants then and there undertook and " agreed, to let the plaintiff have a certain car for the carriage of

Waterman *v.* Vermont Central Railroad Co.

"120 sheep from said Roxbury to said Porters, and undertook and
" agreed to carry said sheep in said car from said Roxbury to said
·" Porters over the Railroad ; and the plaintiff saith, that he con-
" fiding in said promise and agreement of said defendants, did, to
" wit, on the tenth day of November, 1851, engage of said defend-
" ants a car on which to carry his said sheep over their said Rail-
" road from said Roxbury to said Porters, and agreed to pay there-
" for to said defendants a certain reasonable hire and reward ; and
" said plaintiff was to have said car, and have his said sheep trans-
" ported in said car over said defendants' Railroad from said Rox-
" bury to said Porters, to wit, on the 17th day of November, 1851;
" and that the plaintiff did, in pursuance of said contract and agree-
" ment, with·said defendants, drive his said sheep to said Roxbury
" at the time so agreed upon, for the purpose of taking the said
" car, which he had so agreed for, and having his said sheep carried
" on said car as aforesaid from said Roxbury to said Porters in said
" Cambridge, and the plaintiff then and there requested the said
" defendants to carry his said sheep on said car over said road from
" said Roxbury to said Porters ; yet the said defendants, not re-
" garding their said promise and agreement, did not, nor would,
" when they were so requested by the plaintiff, let him have said
" car, and carry his said sheep over said Railroad from said Rox-
" bury to said Porters, but wholly neglected and refused to carry
" said sheep as aforesaid, whereby, the plaintiff was obliged to hire
" his said sheep kept at said Roxbury a long time, to wit, for the
" space of seventeen days, and pay a large sum of money for the
" keeping of the same, to wit, the sum of fifteen dollars, and there-
" by put to great trouble and expense, to wit, the sum of five dol-
" lars in getting to and from his place of residence in said Waits-
" field to said Roxbury, in consequence of his sheep not going in
" said car as aforesaid; and that plaintiff's said sheep, by reason
" of not being carried from said Roxbury to said Porters as afore-
" said, and being kept a long time before they could be got to mar-
" ket, to wit, seventeen days, grew poor and were not in as good
" condition, nor so saleable, when they did get into market and
" were sold, as they would have been, if they had been in market
" when they should have been, to wit, on the 19th day of Novem-
" ber, 1851, and the said plaintiff, in consequence of the said sheep,
" not being carried on the 17th day of November, 1851, suffered a

Waterman *v.* Vermont Central Railroad Co.

" great loss in the sale of said sheep in market, to wit, the sum of
" thirty dollars and has been otherwise greatly injured, &c."

The second count like the first, with the exception that defend-
ants promised to let plaintiff have a car, " if they had a car at
Roxbury, or could furnish one," and the averment, that the defend-
ants had cars at Roxbury on said 17th day of November, and
might have furnished them.

Plea, general issue, and trial by jury.

On trial, plaintiff gave evidence tending to prove the allegations
in his declaration.

The defendants read in evidence their act of incorporation.

The defendants .requested the court to charge the jury, that
plaintiff was not entitled to recover, because, the defendants had
no power to make such a contract as stated in the declaration, and
because plaintiff had not alledged or proved, any offer to pay the
defendants.

The court charged the jury, that if they found all the allegations
in the ' declaration proved, they should find a verdict for plaintiff.
The jury returned a verdict for plaintiff.

To the charge of the court, defendants excepted. The defend-
ants also filed a motion in arrest, which was overruled by the court;
to which defendants excepted.

*Peck & Colby* for defendants.

The allegation that the plaintiff was ready and willing to pay
defendants a reasonable hire for the car, was necessary in the dec-
laration. Angell on Law of Carriers §§ 124, 419, 590. 8 East
437. Chitty Pl. 281 and 278. *Rawson* v. *Johnson*, 1 East 203.
*Morton* v. *Lamb*, 7 Term 121. *Waterhouse* v. *Skinner*, 2 B. &
P. 447. And this is in the nature of a condition precedent, and a
substantial defect, which is not cured by verdict. Chit. Pl. 360
and 264, and cases cited. Gould's Pl. 502. *Morton* v. *Lamb supra.*
*Callonel* v. *Briggs*, 1 Salk. 112 and 171. *Rawson* v. *Johnson,*
*supra.*

*M. H. Sessions* and *T. P. Redfield* for plaintiff.

It was not necessary for plaintiff to alledge and prove an offer
to pay, as he alledged and proved defendants to be common carriers,
and an absolute contract with the defendants as such carriers, to

furnish a car and carry his sheep on a given day, and plaintiff agreeing to pay a reasonable reward therefor, was sufficient consideration ; and that plaintiff drove his sheep to the place, and upon the day agreed upon, for the purpose of having them carried, and defendants refused so to do. 1 Chit. Pl. 264. 1 Salkeld 171. 14 Vt. 296. Chit. on Cont. 42 and 46 and note. In making the contract, defendants did not claim the payment before carrying the sheep, neither does the case show that they ever required it, under any circumstances.

The *presumption* is then, that they do not, but receive their pay at the place of destination, as the property shipped is holden for the payment of the transportation of the same: Angell on Law of Carriers 69, 70 and 353 and note. 6 Howard 344.

If the defendants wish to insist upon the payment of the carriage before receiving the sheep, they should have made that a condition precedent in the contract.

And if there is any defect in the declaration, it should have been taken advantage of, by demurrer. It cannot be reached, by motion in arrest. It is cured by verdict. Chit. Pl. 298. 4 East 464. 19 Vt. 194. 1 Aik. 375. 8 Vt. 252. 14 Vt. 348. 16 Vt. 404. Gould's Pl. 499 § 15 and 16 and page 496 § 12, 13, 14.

The opinion of the court was delivered by

REDFIELD, Ch. J. The only question in the present case, is in regard to the sufficiency of the declaration after verdict. The defect relied upon by defendants, is the want of an allegation of readiness to pay the freight to defendants, at the time of demanding the car. This it is admitted, would be necessary, where the plaintiff counted upon the general duty of the defendants, as common carriers. But here, the plaintiff declares upon a special contract. And the necessity of such an allegation, will depend altogether upon the contract set forth in the declaration. After verdict, every reasonable intendment will be made in favor of the declaration, in order to sustain the verdict. And it seems to us, that the contract alledged is fairly susceptible of the interpretation, that the defendants' contract was upon the consideration of plaintiff's promise to pay a reasonable freight, at the end of the carriage. In contracts for goods, or stocks, it would be intended, the price was to be paid at the time of the transfer, but in regard to con-

tracts for work, ordinarily it will be presumed, the promise is to pay when the work is done. And in regard to freight, the rule is no doubt both ways, but more commonly at the end of the carriage. In regard to dead freight certainly; and there is no such known rule, as to live freight, as will call upon the court to presume such must have been the intendment of this contract, to pay freight, without regard to time. We think therefore that the declaration must be regarded as sufficient.

Judgment affirmed.